1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

11

12

13

14

15

16

ROSALINDA RAMOS, an individual,

        Plaintiff,

    v.

TACOMA COMMUNITY COLLEGE, a
municipal corporation, for the State of
Washington, MARLENE BOSANKO, an
individual, BRUCE SYDOW, an individual,

        Defendants.

Case No. C06-5241FDB

ORDER GRANTING DEFENDANT
BRUCE SYDOW'S MOTION TO
DISMISS

17

**INTRODUCTION**

18

19

20

21

22

23

24

25

       Plaintiff was a part-time art instructor for approximately twenty years at Tacoma Community

College.  Plaintiff was officially terminated from her position on October 8, 2004.   Plaintiff alleges

that she sought representation from the teacher's union, and Defendant Bruce Sydow, the President

of the Tacoma Community College Federation of Teachers, represented Plaintiff.  As a result of

Defendant's Sydow's representation, a Resolution of Issues (settlement agreement) was reached.

Plaintiff rejects the Resolution and alleges as to Defendant Sydow as follows:

              3.12 Plaintiff sought representation by the union president, Defendant Bruce
        Sydow, however, unbeknownst to the Plaintiff at the time, Defendant Sydow acted in
conjunction with his superior, Defendant Bosanko in taking anyway [sic] her substantive and due

26

ORDER - 1

process rights.  Defendant Sydow met privately with Defendant Bosanko who wrote the Resolution of Issues which gave away Plaintiff's rights and had terms of resolution which were never communicated to the Plaintiff.  Plaintiff at no time agreed to the Resolution of Issues.  The document was sent to Plaintiff on December 9, 2004.  On December 11, 2004 sent [sic] a certified letter rejecting the terms.  Defendant Sydow violated all the policies and procedures (that he was governed to follow) and deprived the Plaintiff of her fourteenth amendment rights in so doing.  Defendant Sydow acted under color of law and with final authority in depriving the plaintiff of her rights as set out.

Complaint for Damages ¶ 3.12.

Defendant Sydow moves for dismissal of this cause of action against him, arguing that there is no set of facts in support of this claim that would allow Plaintiff to prevail against him.

Pursuant to Fed. R. Civ. P. 12(b)(6), the court must dismiss an action where, taking all allegations of material fact as true, it "appears beyond doubt that the plaintiff can prove no set of facts in support his claim which would entitle him to relief."  *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Parks School of Business, Inc. v. Symington,* 51 F.3d 1480, 1484 (9th Cir. 1995).

## DISCUSSION AND CONCLUSION

### *Defendant Sydow's Argument*

Defendant Sydow argues that he cannot be held liable to Plaintiff for the acts he performed in his capacity as President of the Tacoma Community College Federation of Teachers.  Pursuant to the "duty of fair representation," a union has a legal duty to fairly represent an employee.  *Humphrey v. Moore*, 375 U.S. 335, 342 (1964).  The same duty applies under Washington State law to grievances arising out of collective bargaining agreements between union and public-sector employers, such as the one involved in the instant dispute.  *See, e.g., Allen v. Seattle Police Officers Guild,* 100 Wn.2d 361, 371-372 (1983).  In fulfilling this duty, a union is granted a substantial amount of discretion. *See, e.g., Johnson v. United States Postal Serv.*, 756 F.2d 1461, 1465 (9th Cir. 1985)("Unions may screen grievances and process only those which they determine to have merit.").  Court must "accord substantial deference" to a union's decisions.  *E.g., Peterson v. Kennedy*, 771 F.2d 1244, 1253 (9th Cir. 1985).

ORDER - 2

1    The Supreme Court has long held that "union agents" are not personally liable to third parties

2    for acts performed on the union's behalf in the collective bargaining process. *Atkinson v. Sinclair*

3    *Refining Co.*, 370 U.S. 238, 247-49 (1962).  This immunity applies in the context of contract or tort

4    actions or both.  *Id.* at 249.  The immunity is effective even if the union did not authorize the actor's

5    conduct.  *Complete Auto Transit, Inc. v. Reis*, 451 U.S. 401 (1981).  The policy behind these

6    decisions are to prevent the use of private lawsuits against union members rather than the union

7    itself.

8    Thus, pursuant to the foregoing authorities, Defendant Sydow argues that the lawsuit is

9    premised upon his actions in handling Plaintiff's grievance, and because union agents cannot be held

10   personally liable in damage for such actions, this lawsuit must be dismissed.

11   While Plaintiff asserts a claim under 42 U.S.C. § 1983 (where it must be alleged that a person

12   "acting under color of state law" has deprived him ro her of a federal right), Defendant Sydow also

13   argues for dismissal because the Complaint fails to allege facts sufficient to establish that Sydow

14   "acted under color of state law."  A labor organization that represents public employees is not by

15   virtue of that fact a state entity for the purposes of Section 1983 claims.  *See, e.g., Jordan v. Hawaii*

16   *Government Employees' Ass'n.,* 472 F. Supp. 1123, 1130-31 (D. Hawaii 1979).  Defendant Sydow

17   contends that there is only the fact that Bruce Sydow signed the Resolution of Issues from which it

18   could be inferred that an agreement was reached to deprive Plaintiff of her constitutional rights.  In

19   cases where such inference is made, the defendants acted contrary to standard procedures, *see Delew*

20   *v. Wagner*, 143 F.3d 1219, 1223 (9th Cir. 1998), but Bruce Sydow's actions here were entirely

21   consistent with the Union's duties and obligations as the exclusive bargaining representative of

22   Plaintiff.

23   Defendant Sydow also argues that In the interest of efficient administration of contract

24   grievances, a union must be allowed a considerable range of discretion in screening out, settling, or

25   abandoning, short of arbitration, those grievances that the union in good faith believes do not justify

26   ORDER - 3

1    that costly and time-consuming final step of arbitration. *Vaca v. Sipes*, 386 U.S. 171, 190-191

2    (1967). *See also, Dutrisac v. Caterpillar Tractor Co.*, 749 F.2d 1270, 1273 (9th Cir.

3    1983)("substantial deference" must be accorded to a union's decisions regarding grievance

4    processing). This discretion includes the power of the exclusive bargaining representative, to bind

5    employees to terms of grievance settlements without either their knowledge or consent. *See Mahon*

6    *v. NLRB* 808 F.2d 1342, 1345 (9th Cir. 1987). Here, argues, Sydow, the underlying dispute was over

7    the College's decision to terminate Plaintiff midway through her contract as a part-time employee.

8    Plaintiff then filed her grievance, the matter was taken up by Sydow and the Union, and the

9    Resolution of Issues included the following: the College retracted its termination letter, agreed to pay

10    for the remaining term of Plaintiff's contract with the College, and agreed to provide a neutral letter

11    of reference to any inquiries about plaintiff and to refrain from releasing any other information about

12    Plaintiff's employment without her express authorization. Thus, the Complaint fails to state a claim

13    that Defendant Sydow acted "under color of state law" to deprive Plaintiff of her constitutional

14    rights and the civil rights claim against Defendant Sydow must be dismissed.

15       Defendant Sydow further argues that there are insufficient facts alleged to establish that he

16    was involved in a conspiracy to deprive Plaintiff of any federal constitutional right. As a part-time,

17    non-tenured instructor, under Washington law, Plaintiff had no constitutionally protected right to

18    continued employment past the academic quarter for which she had been hired. Also, Defendant

19    Sydow had no part in the decision to fire the Plaintiff, and, in any event, the Resolution of Issues

20    nullified the termination and ensured that she was paid for the entire quarter.

21       As to Plaintiff's claim of deprivation of her First Amendment rights, Defendant Sydow argues

22    that a plaintiff must show that (1) he or she engaged in protected speech; (2) the employer took

23    "adverse employment action"; and (3) his or her speech was a "substantial or motivating factor for

24    the adverse employment action. *Coszalter v. City of Salem*, 320 F.3d 968, 973 (9th Cir. 2003). The

25    test for determining whether an adverse employment action has occurred is to consider whether the

26    ORDER - 4

1   action may have a chilling effect on the exercise of protected First Amendment activity. *Id.* at 975.

2   Defendant Sydow had no part in Plaintiff's termination.  Sydow assisted Plaintiff with her grievance

3   against the College, resulting in achievements that included rescission of the termination letter and

4   full payment to Plaintiff for the term of her contract.  Furthermore, argues Defendant Sydow, there

5   are no allegations suggestion that her speech – reporting her safety concerns about various art

6   department equipment to Art Department and College officials – was a "substantial or motivating

7   factor" for any adverse action by Defendant Sydow.

8            ***Plaintiff Ramos' Response***

9            Plaintiff argues that she sued Bruce Sydow as an individual and that Sydow is liable for his

10  actions in conspiring with Dean Bosanko to fire Plaintiff.

11           Plaintiff also argues that Bruce Sydow's status as a teacher employed by Tacoma Community

12  College is sufficient to render his actions "under color of State law."  Plaintiff contends that while

13  Sydow told her he would get her reinstated as a teacher, he instead conspired to have her paid off for

14  the rest of the semester.  Moreover, Plaintiff contends that Sydow conspired with Dean Bosanko and

15  failed to follow Union procedure through all the steps beyond the resolution with the Chief

16  Academic Officer.  Plaintiff asserts that Sydow's friendship and employment relationship with Dean

17  Bosanko were more important than Plaintiff's continued employment with TCC. Plaintiff argues that

18  she had a constitutional right to continued employment at the College because she achieved a

19  "Multiple Quarter Appointment" status.

20           Plaintiff disagrees that her speech warning about the art equipment was part of her duties as

21  an art instructor, arguing that she was not employed as a safety auditor and only knew enough to be

22  concerned about the equipment.

23           ***Conclusion***

24           Plaintiff's contention that she is not suing Sydow in his capacity as President of the Tacoma

25  Community College Federation of Teachers fails.  The actions Sydow took were pursuant to his role

26  ORDER - 5

1  as the Union president, and Plaintiff may not avoid this by stating that she is suing Sydow in his

2  individual capacity.  Sydow could not have taken the action of entering into the Resolution of Issues

3  had he not had his Union role.  Additionally, the principles underlying the rule in *Atkinson* that union

4  officials and agents must balance many collective an individual interests in making their decisions and

5  that in Congress' view "only the union was to be made to respond for union wrongs, and that the

6  union members were not to be subject to levy."  *Atkinson*, 370 U.S. at 247-48.

7         Plaintiff has not established that Defendant Sydow deprived her of a federally protected

8  property right.  Plaintiff was a part-time non-tenured employee, and  a "multiple-quarter

9  appointment" does not change this fact.

10        Finally, Bruce Sydow had nothing to do with Plaintiff's termination, and any adverse

11  employment action had to stem from the Resolution of Issues, which was, however, favorable to

12  Plaintiff in rescinding the termination and in obtaining her wages due for the remaining term of her

13  employment.

14        Thus, for all the reasons argued by Defendant Sydow, Plaintiff's cause action against

15  Defendant Sydow must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

16        ACCORDINGLY, IT IS ORDERED: Defendant Bruce Sydow's Motion To Dismiss [Dkt. #

17  10] is GRANTED and Plaintiff's causes of action against Bruce Sydow are Dismissed.

18

19  DATED this 18th day of July, 2006.

20

21

22                                FRANKLIN D. BURGESS
                                  UNITED STATES DISTRICT JUDGE

23

24

25

26  ORDER - 6